THE PEOPLE *ex rel.* Peterson, County Treasurer,

*v.*

THE LAKE ERIE AND WESTERN RAILROAD COMPANY.

*Filed at Springfield June 18, 1897.*

1. TAXES—*limitation on municipal tax levy—method of computing rate per cent.* The aggregate tax levy for corporate purposes, in cities working under the general act of 1872, cannot exceed in any one year two per cent of the aggregate valuation of its taxable property as equalized for the *preceding* year, but in computing the rate per cent necessary to raise the required amount the assessed valuation for the *year in which the tax is levied* must be taken as the basis.

2. SAME—*construction of the act of 1879, amending section 1, article 8, of the City and Village act.* The act of 1879, (Laws of 1879, p. 66,) imposing a two per cent limitation on the tax levy of cities, is a general limitation on the taxing power of cities working under the general act of 1872, so far as the aggregate tax levy is concerned, and controls all acts granting powers of taxation for a particular purpose not before given.

3. SAME—*two per cent limitation does not apply to cities working under special charters.* The two per cent limitation on the aggregate amount of corporation tax for any one year applies only to municipalities working under the general Incorporation act of 1872, and not to cities working under special charters.

4. SAME—*legislative intention to exclude particular tax from general limitation must appear.* A grant of a new power to a municipality working under the general law, with the right to levy a tax to carry out the object of the grant, does not authorize a tax levy over and above the general two per cent limitation, unless so expressly provided or necessarily implied in the terms of the grant.

5. SAME—*water-works tax is not excluded from general limitation.* A tax "for water-works improvements" cannot be levied by a muni-

cipality working under the general law, in addition to or exclusive of the two per cent limitation on the aggregate corporation tax, but must be included with the other items in making up the general levy for corporate purposes. (*Dutton* v. *City of Aurora*, 114 Ill. 138, and *Culbertson* v.*City of Fulton*, 127 id. 30, distinguished.)

APPEAL from the County Court of Ford county; the Hon. ALEXANDER McELROY, Judge, presiding.

A. L. PHILLIPS, State's Attorney, (J. H. MOFFETT & McQUISTON, of counsel), for appellant:

The act of 1873, in regard to constructing and maintaining water-works, enlarges the powers of all cities, whether under general law or under special charter, and authorizes a levy for water-works above the limitation imposed by law. *Dutton* v. *Aurora*, 114 Ill. 138; *Culbertson* v. *Fulton*, 127 id. 30.

The act of April 15, 1873, in regard to the construction of water-works, applies to cities incorporated under the general law as well as to cities under special charters. *Dutton* v. *Aurora*, 114 Ill. 138; *Morgan Park* v. *Wiswall*, 155 id. 262.

The limitation as to the rate of taxation imposed is one upon the municipality, and not upon the General Assembly. The General Assembly may, from time to time, increase the rate, and may do so by enlarging the powers. *Dutton* v. *Aurora*, 114 Ill. 138; *Culbertson* v. *Fulton*, 127 id. 30.

Where power is granted by the General Assembly to a municipality to do a public work or construct a public improvement, which power did not exist prior to the grant, and such municipality is authorized to borrow money or levy a tax for that purpose, the grant carries with it the power to borrow money sufficient for that purpose, within the constitutional limitation as to indebtedness, or levy a tax requisite for that purpose in addition and above the limit theretofore existing. *United States* v. *New Orleans*, 98 U. S. 397.

STEVENS, HORTON & ABBOTT, and M. H. CLOUD, for appellee:

Statutes *in pari materia* must be construed together, to effect their several objects.   *Frink* v. *King*, 3 Scam. 144.

Acts passed by the General Assembly at the same session and relating to the same subject will be construed together, as forming one body of law.   *Gauen* v. *Drainage District*, 131 Ill. 446.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the judgment of the county court of Ford county sustaining the objections of appellee to a portion of the city tax of the city of Gibson for 1895, on the application of the collector for judgment for delinquent taxes.

The city council of Gibson passed a tax levy ordinance for the year 1895, providing for a levy of $5158 for the following purposes, viz.: For officers' fees and salaries, $1400; for maintaining electric lights, $1200; for streets and alleys, $600; for water-works improvements, $1000; for interest on bonded indebtedness and sinking fund, $858; for contingencies, $100; making a total sum of $5158.   The property of appellee was assessed $301.95 for the taxes under this levy, part of which it refused to pay, alleging that the total rate per cent of tax levied exceeded the two per cent limitation contained in section 1 of article 8, chapter 24, of the Revised Statutes of 1874, as amended in 1879.   The court sustained the contention of appellee, and deducted $65.77 as the amount assessed in excess of the statutory limitation, and gave judgment for the balance only.   Appellant's contention is, that the city has the power to levy the tax for water-works improvements in addition to the two per cent rate, and therefore prosecutes his appeal to this court.

Two questions are presented by the record, viz.: First, as to the proper method of ascertaining the rate per cent to be levied for purposes of taxation; and second, as to

the power of cities to levy a tax in excess of the two per cent rate fixed in section 1 of article 8 of the City and Village act.

*First*—The aggregate amount of taxes to be levied for 1895, according to the ordinance, was $5158. The assessed and equalized valuation for State and county purposes for the year 1895, of all the property subject to taxation within the city, was $167,803. Of course; the taxes for 1895 must be. levied on the assessment for 1895. It is therefore the basis for computing what rate per cent would produce the amount desired. The rate thus found is $3\frac{8}{100}$ per cent, nearly,—that is, $3\frac{8}{100}$ per cent on $167,803 will produce $5168.33. The clerk extended the tax at the rate of $3\frac{15}{100}$ per cent. How he arrived at this rate we are at a loss to understand, unless he computed the rate per cent in the same manner that counsel for appellant do,— that is, on the assessed valuation of 1894. This would give a rate of $3\frac{25}{100}$ per cent,—that is to say, he would compute the rate on the assessment of 1894, and then levy a less rate on the assessment of 1895, thereby producing $\frac{10}{100}$ per cent more than the. tax levy ordinance called for. But counsel for appellant are in error in thus computing the rate per cent on the assessed valuation of 1894. The taxes are levied on the property according to its assessed valuation for "the current year,"—that is, the year in which the tax is levied, which in this case was 1895. It is therefore immaterial what the assessed valuation of appellee's property was for 1894 on this branch of the case. It has nothing to do with the case. The several individual assessments for 1894 have nothing to do with the tax levy of 1895. The statute only provides that "the aggregate amount of taxes levied for any one year, exclusive of the amount levied for the payment of bonded indebtedness or the interest thereon, shall not exceed the rate of two per centum upon the *aggregate* valuation of all property within such city or village subject to taxation therein, as the same was equalized for

State and county taxes of the preceding year." It is therefore plain that the amount ordered to be levied by the ordinance must not exceed two per cent on the aggregate valuation of all property in the city subject to taxation, as equalized for State and county taxes of the preceding year,—in this case 1894. Such valuation was $157,406, two per cent of which is $3148.12. To this add $858 levied for interest on bonded indebtedness and sinking fund, and we have a total of $4006.12 as the limit of the amount which the city was permitted to levy for 1895, according to the contention of appellee. The rate necessary to produce this sum is $2\frac{39}{100}$ per cent. The rate actually levied was $3\frac{15}{100}$ per cent, making an excess of $\frac{76}{100}$ per cent. The assessed valuation of appellee's property for 1895 was $9586. The tax as extended by the clerk at $3\frac{15}{100}$ per cent was $301.95. At $2\frac{39}{100}$ per cent it would be $229.10, making an excess of $72.85. The court only deducted $65.77. The difference is due to the fact that the court found that $4006.12 was all the money that the city could raise by taxation; that the city had thus levied $1151.88 more than it had a right to, and that this was $\frac{686}{1000}$ per cent of $167,803, (the valuation for 1895,) and that $\frac{686}{1000}$ of one per cent of $9586 (the valuation of appellee's property) was $65.77. Deducting this rate of $\frac{686}{1000}$ of one per cent from $3\frac{15}{100}$, the rate actually levied, leaves $2\frac{464}{1000}$ per cent, which is still in excess of the true rate as found above, viz., $2\frac{39}{100}$. But appellee does not complain of this error. The amount of appellee's portion of the tax necessary to raise the $858 asked for interest, etc., is not $52.24, as contended by appellant, but $37.38, being $\frac{39}{100}$ of one per cent of its assessed valuation.

*Second*—It is contended by the appellee that, the rate per cent of taxation being in excess of two per cent, the excess is void. On the other hand, the appellant maintains that by virtue of the Water-works act of April 15, 1873, it has the power to levy whatever amount may be necessary to erect, construct and maintain its water-

works. It is admitted in the record that the city has a system of water-works which is the only system of water-works in the city, and that it was constructed under two ordinances of the city, both adopted in 1894. Appellee further contends that, even if the city had the power to levy a tax for the maintenance of its water-works in excess of the two per cent rate, the specification in the ordinance "for water-works improvements" is not sufficiently definite; that no connection between such item and the water-works of the city of Gibson is shown by the record; that, for aught that appears, this tax for "water-works improvements" might be used for the purposes specified in section 2 of the Sewerage and Water Fund Tax act, passed June 21, 1883, which specially provides "that nothing in this act shall be so construed as to increase the amount of aggregate taxes that may be levied in any one year by any city or village, as provided in section 1 of article 8" of the City and Village act, and which use would therefore be illegal as to any excess over two per cent.

When the Water-works act of 1873 was passed there was no limitation in article 8, but that limitation was added in 1879, and provides that the *aggregate* amount of taxes levied for any one year, exclusive of taxes for bonded indebtedness and interest, shall not exceed two per cent. The purpose of the City and Village act of 1872 is to provide a complete system for the government of the cities and villages of this State, and provision is made for all previously existing cities and villages to re-organize under the act. It has been amended from time to time, as defects have been discovered or alterations were deemed desirable. The legislature has also passed a number of other acts giving cities additional powers, some of which acts, while couched in general terms, being more particularly intended for the relief of special charter cities. The abuse of the unlimited taxing power granted to cities by this act doubtless caused the legislature to insert the two per cent limitation above re-

ferred to. The grant of an additional power to a city not before possessed by it, and the right to levy a tax to carry out the objects of such power, are not inconsistent with a restriction or limitation that the *aggregate* amount of taxes levied for any one year shall not exceed two per cent of the assessed valuation of the taxable property in the city.

We think that the act of 1879, imposing the two per cent limitation, was a general limitation of the taxing power of municipalities organized under the act of 1872 for the incorporation of cities and villages, and, so far as the aggregate amount of taxes is concerned, is applicable to all acts granting power of taxation for any particular purpose not before given. Of course, this two per cent limitation applies only to such municipalities as are working under the general Incorporation act of 1872, and not to cities working under special charters.

The cases of *Dutton* v. *City of Aurora*, 114 Ill. 138, and *Culbertson* v. *City of Fulton*, 127 id. 30, relied on by appellant, cannot control here, for the reason that the limitations there held to yield to the act granting additional power of taxation were contained in special charters and were in existence when such further acts were passed. In the case at bar the limitation of two per cent is not only a general one, embracing all taxes not excepted therefrom, but was enacted after the passage of the act of 1873 providing for this tax for water-works improvements. This act of 1873 merely enlarges the powers granted by article 10 of the general act, and, though general in terms and including cities organized under the general law, was apparently intended for the benefit, more especially, of cities having special charters, which do not work under article 10, as the emergency clause plainly indicates.

That the legislature intended to stand by the two per cent limitation unless it provided otherwise, may be gathered from the provisos in the Sewerage and Water

Fund Tax act of 1883, which provides in section 2 that "nothing in this act shall be so construed as to increase the amount of aggregate taxes that may be levied in any one year by any city or village, as provided in section 1 of article 8," and to which act an amendment was made in 1889, adding the proviso to section 1 that such sewerage fund tax shall *not* be included, prior to the year 1891, in the *aggregate* amount of taxes as limited by section 1 of article 8. That the legislature itself so construed this limitation of two per cent is again illustrated by the act approved and in force January 31, 1895, to amend the act to provide for the assessment and collection of a general tax by cities for parks and boulevard purposes, approved and in force June 17, 1893. Section 1 of this amendatory act gives to the city councils in cities of a certain population, whether incorporated under the general law or special charter, the power to provide annually, by taxation, a special fund, not to exceed thirty cents on each $100 valuation of the taxable property, to be used only for the purchase of land for parks and boulevards, etc., and provides "that the said annual park and boulevard tax shall not be included in the aggregate amount of taxes as limited by section 1 of article 8 of 'An act for the incorporation of cities and villages,' approved April 10, 1872, and the amendatory acts thereto, or by any provision of any special charter under which any city in this State is now organized." (Laws of 1895, p. 281.) However, as the act of 1873 was passed before the two per cent limitation was adopted, it is not necessary in this case to decide what effect that limitation may have when applied to taxes authorized by subsequent acts which do not purport to provide that such taxes shall be in addition to the two per cent.

We are of the opinion, and must hold, that, as the question is presented by this record, two per cent was the limit of taxation allowed to the city of Gibson, exclusive of taxes for bonded indebtedness and interest

thereon, and that the excess, as heretofore explained and computed, was illegal.   The specific item "for water-works improvements" is not illegal, as such,—it is the excess of the aggregate amount levied over the aggregate amount allowed that is illegal.   If the city needed $1000 for water-works improvements, the only way to get that sum would be to decrease the amount asked for other purposes, so as to bring the aggregate within the legal limit.

The judgment of the county court is affirmed.

*Judgment affirmed.*