THE CHICAGO AND ALTON RAILROAD COMPANY

v.

WILLIAM J. BALDRIDGE, County Treasurer.

*Opinion filed December 21, 1898.*

1. TAXES—*clerk may estimate rate sufficient to raise net amount of municipal levy.* Under section 1 of article 8 of the City and Village act, (Rev. Stat. 1874, p. 231,) and section 127 of the Revenue act, (id. p. 878,) the county clerk may fix the rate per cent sufficiently large to raise upon the assessed valuation of city property for the preceding year the amount of the municipal levy, together with a sum sufficient to pay the tax collector's statutory commissions.

2. SAME—*library tax may be levied exclusive of two per cent limitation.* Under the second proviso of section 1 of the Library act, as amended in 1895, (Laws of 1895, p. 225,) a city having over ten thousand inhabitants may levy a library tax independently of the limitation of two per cent on the assessed valuation for municipal taxes.

3. JUDICIAL NOTICE—*courts will take judicial notice of the Federal census.* Courts will take judicial notice of the Federal census in determining a question involving the number of inhabitants in cities within their jurisdiction.

APPEAL from the County Court of McLean county; the Hon. ROLLAND A. RUSSELL, Judge, presiding.

CHARLES L. CAPEN, (WILLIAM BROWN, of counsel,) for appellant:

A municipal corporation has only such power to levy taxes as is expressly granted by the legislature. This is strictly construed in favor of the tax-payer. Dillon on Mun. Corp. (3d ed.) secs. 162, 763-765, 769; Cooley on Taxation, 209; *Chicago* v. *Railroad Co.* 20 Ill. 286; *Comrs. of Highways* v. *Newell,* 80 id. 587; *Drummer* v. *Cox,* 165 id. 648; *Drake* v. *Phillips,* 40 id. 388.

If there be doubt as to the extent of the power granted the benefit of that doubt will be given to the tax-payer. *Lott* v. *Ross,* 38 Ala. 156.

A county clerk has no power to add anything to the amount of tax levied by the taxing power. *People* v. *Railroad Co.* 167 Ill. 283.

The limit of the per cent of taxation provided by the statute cannot be exceeded. *People* v. *Railroad Co.* 167 Ill. 283; *Railway Co.* v. *People,* 147 id. 196; *Mix* v. *People,* 72 id. 241; *Thatcher* v. *People,* 93 id. 240; *Lawrence* v. *Traner,* 136 id. 474; *Railroad Co.* v. *People,* 155 id. 276; *Railroad Co.* v. *People,* 163 id. 616.

Municipal corporations alone have the power to assess and levy municipal taxes. Const. 1870, art. 9, sec. 9, p. 175; *People* v. *Knopf,* 171 Ill. 191; *Howard* v. *Drainage Co.* 51 id. 130; *People* v. *Salomon,* id. 37; *Cornell* v. *People,* 107 id. 372; *Updike* v. *Wright,* 81 id. 49.

A county clerk is a mere ministerial officer. *Knopf* v. *Bank,* 173 Ill. 331; *Ramsey* v. *Hoeger,* 76 id. 432.

William R. Bach, (Sigmund Livingston, of counsel,) for appellee:

The county clerk must extend the taxes levied by the municipality upon the county records in such a manner as to produce the net amount levied by such municipality, and he may add such a sum as in his judgment will cover all losses, commissions, etc. Starr & Curtis' Stat. (2d ed.) chap. 120, sec. 128; *Edwards* v. *People,* 88 Ill. 340; *People* v. *Cooper,* 10 Ill. App. 385; *Union Trust Co.* v. *Weber,* 96 Ill. 357; *People* v. *Chicago,* 152 id. 556.

Taxes for library purposes, as well as taxes for general corporate purposes, are levied upon the assessed valuation of property as equalized for the current year, and not the previous year. *People* v. *Railroad Co.* 167 Ill. 286.

The statute allows cities to collect not to exceed three mills on the dollar for the maintenance of public parks, over and above the two per cent for general corporate purposes. Starr & Curtis' Stat. (2d ed.) sec. 417, chap. 24.

Mr. Justice Boggs delivered the opinion of the court:

Objections presented by the appellant company to the application of the treasurer and *ex officio* collector of taxes for McLean county for a judgment against the

property of the appellant company within the city of Bloomington for the taxes levied by the city council of the said city for the year 1897 were sustained in part by the court and in part overruled, and judgment entered against the appellant company accordingly. This appeal questions the correctness of the rulings of the court in two respects.

It appeared the county clerk so estimated and determined the rate per cent upon the value of the property within the city as assessed for taxation for the year 1897 as that it would produce the amount of the taxes levied and certified to him by the city council, and also, in addition thereto, an amount sufficient to pay the commission allowed by the statute to the collector of taxes for making the collection. The court sustained the action of the clerk, and this ruling is first of the two errors assigned by the appellant company as for error.

Section 1 of article 8 of chapter 24 of the Revised Statutes, entitled "Cities," etc., provides a certified copy of the ordinances of cities making appropriations and directing the levy and collection of taxes shall be filed with the county clerk, and that it shall thereupon become the duty of such county clerk to ascertain the rate per cent which, upon the total assessable valuation of property within the city, will produce a net amount not less than the amount directed to be levied by the ordinance, and shall extend the tax therefor upon the books of the collector of taxes. Section 127 of chapter 120 of the Revised Statutes, entitled "Revenue," provides the county clerk shall estimate and determine the rate per cent upon the assessed valuation of taxable property that will produce not less than the net amount of the several sums certified to him according to law. Section 120 of the same chapter provides that the Auditor of State shall compute and certify to the different county clerks in the State such rates per cent as will produce the net amount of State taxes authorized to be levied.

It will be observed that all these statutory provisions re-
quire the rate per cent of the levy shall be so estimated
as that it will produce the net amount required by the
taxing power.   In *Edwards* v. *People*, 88 Ill. 340, we had
occasion to determine the power and duty of the Auditor
of Public Accounts under the provisions of section 120
before mentioned, and the conclusion reached was, that
officer was vested with power, and it was his duty, to de-
termine the rate per cent which would produce the net
amount required to be raised, exclusive of the costs of
collection and the amount of losses and deductions which
would probably occur.   This construction of the section
was approved in *Union Trust Co.* v. *Weber*, 96 Ill. 346.   No
reason is perceived why the authority given the county
clerk by said section 1 of article 8 of chapter 24, and in
said section 127 of the Revenue act, should not be deemed
at least sufficiently broad to require him to so compute
the rate per cent of the levy as that the amount produced
would be sufficient to meet the sums required by the ap-
propriation ordinance and the commissions which the
statute provides may be retained by the collector out of
the amounts by him collected.   The commissions allowed
the collector are established by law, and the inclusion of
them by the clerk does not involve the exercise by that
officer of any judicial function or taxing power, or even
discretion or judgment.   The alleged error is not, there-
fore, well assigned.

Section 1 of chapter 81, entitled "Libraries," author-
izes the city council of the city of Bloomington to main-
tain a public library and reading room for the inhabitants
of the city, and to levy a tax for that purpose, not to ex-
ceed two mills on the dollar, annually, upon all of the
taxable property of the city, such tax to be levied and
collected in like manner with the general taxes of the
city.   The city council of the said city of Bloomington,
in the year 1897, appropriated a certain sum for library
and reading room purposes and certified the same to the

county clerk. That officer determined the rate per cent required to be extended on the assessed valuation of taxable property in the city for the year 1897 and extended the tax on such property as so valued. The aggregate of this tax exceeded two per cent of the assessment of the preceding year. The appellant insisted in the county court, and such is its second assigned error in this court, that as the statute authorizing the imposition of the tax for library and reading room purposes provides such tax shall be levied and collected in like manner with the general city taxes, and that as, under the provisions of the proviso to said section 1 of article 8 of chapter 24, the amount of the aggregate taxes to be levied for city purposes, not including that levied to pay the bonded indebtedness of the city and the interest thereon, is restricted to two per cent of the assessment of the preceding year, the tax to be levied and collected for library and reading room purposes in 1897 cannot exceed the sum which would be raised by the levy of a tax of two mills upon the dollar of the valuation of the property within the city as equalized for the preceding year. This position is not tenable. Section 1 of the Library act was amended by an act of the General Assembly in force July 1, 1895, by the addition of a proviso, to the effect that the annual library tax in cities of over 10,000 inhabitants should not be included in the aggregate amount of city taxes as limited by the proviso to said section 1 of article 8 of chapter 24 of the Revised Statutes. We will take judicial notice of the Federal census, and that it appears from said census the city of Bloomington has more than 10,000 inhabitants. Hence it follows the limitations or restrictions of the proviso to said section 1 of article 8 of chapter 24 have no application or reference to taxes levied for library and reading room purposes, or for the payment of bonded indebtedness of the city or interest on such bonded indebtedness. Section 1 of article 8 of chapter 24 (the proviso excluded) directs the manner in

which all city taxes shall be levied and collected. The proviso to the section limits the amount which the city council may appropriate and lawfully levy for certain purposes, but does not prescribe or attempt to prescribe the manner or mode of levying and collecting such taxes. Taxes are levied on the property according to the valuation for the current year. *People* v. *Lake Erie and Western Railroad Co.* 167 Ill. 285.

Finding neither contention of the appellant to be well grounded the judgment is affirmed.

*Judgment affirmed.*