W. B. DOLLAHON *et al.*

*v.*

GEORGE M. WHITTAKER *et al.*

*Opinion filed October 19, 1900.*

1. TAXES—*water tax must be included within the two per cent limit.* A city organized under the general law has no authority to exceed the two per cent limit upon municipal taxes in order to raise funds for water supply.

2. SAME—*decree enjoining collection of excess affects all levies alike.* A decree declaring invalid and enjoining the collection of municipal taxes exceeding the two per cent limit affects all levies alike, where it is not claimed that any particular one is illegal.

APPEAL from the Circuit Court of Lawrence county; the Hon. E. E. NEWLIN, Judge, presiding.

N. M. TOHILL, State's Attorney, W. F. FOSTER, City Attorney, and SYLVESTER J. GEE, for appellants.

E. S. KINGSBURY, S. B. ROWLAND, and C. J. BORDEN, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Upon a hearing of the issue made upon the bill of appellees, twenty-eight tax-payers of the city of Lawrenceville, the court enjoined the city and the collector

of the town from collecting from the complainants an alleged illegal tax,—that is, a tax levied by the city in excess of two per cent for general municipal purposes and one-half of one per cent for interest on its bonded indebtedness.

The whole amount levied was three and one-half per cent. Aside from the interest tax, the levy. for municipal purposes was three per cent, which, it seems, included one per cent for water. The city had the power, under the statute, to provide for a supply of water, but the statute conferring such power does not authorize it to exceed the limit of two per cent provided by section 1 of article 8 of the act for the incorporation of cities and villages, in order to raise the necessary funds with which to pay for such supply of water. The tax for water must be included within the two per cent, like taxes for other corporate purposes. *People ex rel.* v. *Lake Erie and Western Railroad Co.* 167 Ill. 283; *Chicago and Alton Railroad Co.* v. *People ex rel.* 177 id. 91.

Appellants say that the court erred in not finding by the decree whether it was the water tax or some other tax that was illegal. We do not understand that that question was involved. It was not claimed that the tax for water was in itself illegal, but only that the excess levied for general corporate purposes over the limit fixed by the statute was illegal.

Inasmuch as the tax levied to pay interest on city bonds is by the statute excluded from the limitation of two per cent, no question as to its legality is raised, but all of the remaining three per cent in excess of two per cent was illegal and its collection was properly enjoined. The decision, however, affects the water tax no more than it does the other levies included in the three per cent.

The decree will be affirmed.                    *Decree affirmed.*