THE PEOPLE *ex rel.* John E. George, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed February 25, 1911.*

1. TAXES—*park and library tax should be excluded when reducing city tax.* Under section 2 of the act of 1909, concerning the reduction of tax rates by the county clerk, (Laws of 1909, p. 323,) the park tax and library tax should be excluded before reducing the city tax, whether the city has a population of more or less than 150,000, and in either case the minimum rate below which the county clerk cannot reduce the city tax does not include the rate of the tax for park or library purposes.

2. Upon the point that appellant has not preserved an exception to the judgment below, the record in the case is the same as the record in *People* v. *Wabash Railroad Co.* (*ante,* p. 540,) where it was held that the exception was properly preserved.

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

GEORGE B. GILLESPIE, (L. J. HACKNEY, HOGAN & WALLACE, and GILLESPIE & FITZGERALD, of counsel,) for appellant.

W. H. STEAD, Attorney General, ARTHUR YOCKEY, State's Attorney, and FRED H. HAND, (JUNE C. SMITH, of counsel,) for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from a judgment rendered by the county court of Christian county, at the June term, 1910, against the property of appellant, the Cairo, Vincennes and Chicago Railway Company, for alleged delinquent taxes levied by the city of Pana for park purposes and for library purposes. The county clerk extended the tax levied for city purposes at the rate of $1.20, the tax levied for park purposes at the rate of eleven cents and the tax levied for

library purposes at the rate of ten cents on each $100 assessed valuation of taxable property in the city. The objection interposed by appellant in the county court, and the only ground urged for reversal in this court, is, that the taxes levied for park purposes and for library purposes should not have been extended as separate items, but should have been included in and extended with the taxes levied for city purposes, and that when so included the city taxes are in excess of the amount authorized by law to the extent of the amount extended for park and library purposes.

It is contended by appellee that appellant did not preserve any exception to the judgment of the county court. The record in this regard is in the same condition as the record in the case of *People* v. *Wabash Railroad Co.* (*ante,* p. 540,) and as we there held that an exception had been properly preserved to the judgment of the court in that case, it follows that appellant properly preserved an exception to the judgment from which this appeal was taken and that appellee's contention in this regard is without merit.

Appellant relies upon section 2 of an act entitled "An act concerning the levy and extension of taxes," approved May 9, 1901, in force July 1, 1901, as amended by an act approved June 14, 1909, in force July 1, 1909, in support of its contention that the county clerk had no authority to extend the taxes levied for park purposes and library purposes separate and distinct from those levied for city purposes, and that the rate of $1.20 on each $100 assessed valuation of taxable property in the city was the highest rate at which the county clerk was authorized to extend taxes for city purposes, including those levied for park purposes and library purposes, and that the excess of twenty-one cents on each $100 assessed valuation which was extended as park and library taxes is void and its collection cannot be enforced. That section provides for the reduction in the rates of certain taxes certified to the county clerk for extension when the aggregate of such rates ex-

ceeds three per cent of the assessed valuation of the property upon which such taxes are required to be extended.

The provision of the section in regard to the reduction in the rate of the tax levy for city purposes is as follows: *"Provided, further,* that in reducing tax levies hereunder * * * the rate per cent of the tax levy for city or village purposes (exclusive of library, school and park purposes) in cities and villages having a population of over 150,000 shall not be reduced below a rate of $1.10 on each $100 assessed value, and the rate per cent of the school tax for educational purposes shall not be reduced below a rate of $1.05 on each $100 assessed value, and in cities and villages having a population of less than 150,000 shall not be reduced below a rate of $1.20, exclusive of the taxes levied in such cities or villages having a population of less than 150,000 for the payment of the principal of and the interest on bonded indebtedness, on each $100 assessed value, and the rate per cent of the school tax levy for educational purposes shall not be reduced below a rate of $1.50 on each $100 assessed value." (Laws of 1909, p. 323.)

By a stipulation entered into between the parties in the county court it was made to appear that the aggregate of rates of tax levies certified to the county clerk during the year 1909 for extension against the taxable property in the city of Pana, exclusive of those not subject to reduction by the county clerk under said section 2, was $3.88 on each $100 assessed valuation of such property, requiring a reduction of 22.7 per cent to reduce it to three per cent of the assessed valuation of such property; that the levy for city purposes, exclusive of the amount levied for the payment of principal and interest on bonded indebtedness, was $1.20, the levy for park purposes eleven cents and the levy for library purposes ten cents on each $100 assessed valuation of taxable property. Appellant argues that the rate of tax levy for city purposes was, in fact, $1.41 on each $100 assessed valuation of taxable property, being the aggregate of the

levies for city, park and library purposes, and that it was
the duty of the county clerk, under the provisions of said
section 2, to reduce this rate to $1.20 on each $100 assessed
valuation, that rate being the minimum to which the rate
of tax levy for city purposes can be reduced under the pro-
visions of said section 2, but being a higher rate than would
remain after a reduction of 22.7 per cent in the rate of
$1.41 on each $100 assessed valuation. The provisions of
said section 2 do not sustain this contention. Pana is a city
of less than 150,000 inhabitants, and the statute is some-
what obscure as to the method of reducing the tax levies
of cities having a population of less than 150,000, and this
obscurity in the statute has furnished the ground for ap-
pellant's contention. In the case of cities having a popula-
tion of more than 150,000, the requirement of section 2
that the levy for park and library purposes shall be excluded
before reducing the rate of tax levy for city purposes is
clear, and it is equally clear that the minimum rate of $1.10
on each $100 assessed valuation, below which the county
clerk cannot reduce the rate of tax levy for city purposes,
does not include the rate of tax levy for park or library
purposes.

Appellant assumes that a different method is provided
for determining the reduction to be made in the rate of
tax levy for city purposes in the case of cities having a
population of less than 150,000, and contends that the tax
levies for park purposes and library purposes are included,
instead of excluded, before reducing the rate of tax levy
for city purposes, and that the minimum rate of $1.20 on
each $100 assessed valuation, below which the county clerk
cannot reduce the rate of tax levy for city purposes, in-
cludes the rate of tax levy for park or library purposes.
This position taken by appellant is the result of a misappre-
hension of the provisions of said section 2. A literal read-
ing of that portion of the language of section 2 above
quoted, relating to cities having a population of less than

150,000, would result in a provision that "the. rate per cent of the school tax for educational purposes  *  *  *  in cities and villages having a population of less than 150,000 shall not be reduced below a rate of $1.20," but it is apparent from the words following, "exclusive of the taxes levied in such cities or villages having a population of less than 150,000 for the payment of the principal of and the interest on bonded indebtedness, on each $100," followed by a provision that the rate of tax levy for educational purposes shall not be reduced below $1.50 on each $100 assessed valuation, that such was not the legislative intention. The evident purpose of the legislature was that the preceding words, "the rate per cent of the tax levy for city or village purposes (exclusive of library, school and park purposes,)" should be implied as the subject of the verb "shall," and that the section should be taken to read as follows: "The rate per cent of the tax levy for city or village purposes (exclusive of library, school and park purposes) in cities and villages having a population of over 150,000 shall not be reduced below a rate of $1.10 on each $100 assessed value,  *  *  *  and in cities and villages having a population of less than 150,000 shall not be reduced below a rate of $1.20, exclusive of the taxes levied in such cities or villages having a population of less than 150,000 for the payment of the principal of and the interest on bonded indebtedness, on each $100 assessed value." This result is obtained by merely omitting the clause limiting the reduction in the rate per cent of tax for educational purposes, which is clearly an interpolation between the two clauses which limit the reduction in the rate per cent of tax levies for city purposes. Any other construction would either be unwarranted or would lead to absurdity.

It therefore follows that said section 2 requires that the levy for park purposes and for library purposes should be excluded before reducing the rate of tax levy for city purposes, whether the levy was made by a city having a popu-

lation of more or of less than 150,000, and that in either case the minimum rate, below which the county clerk can not reduce the rate of tax levy for city purposes, does not include the rate of tax levy for park or library purposes.

Appellant does not contend that the rates of tax levy for park purposes and for library purposes should have been reduced 22.7 per cent, and whether they should have been so reduced is not before us for determination.

Having disposed of the only question presented to us for determination and finding no error in the ruling of the county court upon that question, the judgment of the county court will be affirmed.                    *Judgment affirmed.*