THE PEOPLE *ex rel.* O. B. Wysong, County Collector, Appellee; *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed February 17, 1915.*

TAXES—*three mill park tax is additional to the $1.20 which a city may levy annually.* The three mill park tax which cities and villages having a population of less than 50,000 are authorized to levy must be held, in view of the act of 1913 concerning the reduction of tax levies for city and village purposes, to be in addition to the rate of $1.20 on the $100 assessed valuation which cities and villages may levy annually for corporate purposes.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

GEORGE B. GILLESPIE, (L. J. HACKNEY, and F. L. LITTLETON, of counsel,) for appellant.

JOHN H. LEWMAN, State's Attorney, and HOWARD A. SWALLOW, Corporation Counsel, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The only question in this case is whether the three mill tax for the establishment and maintenance of public parks, authorized to be levied by the councils of cities having a population of less than 50,000, (Hurd's Stat. 1913, p. 1796,) is exclusive of or included in the one and two-tenths per cent rate fixed by section 1 of article 8 of the Cities and Villages act. The question has been certified to us by the judge of the county court with the assent of the parties, in accordance with the provisions of the Practice act.

By an act of the General Assembly approved May 13, 1907, (Laws of 1907, p. 432,) power was given to the city council of each incorporated city of this State having a population of less than 50,000, to establish and maintain public parks, and levy a tax, not exceeding two mills on the dollar, annually, on all taxable property in the city. At

that time the Cities and Villages act limited the aggregate amount of all taxes which might be levied in one year, exclusive of the amount levied for the payment of bonded indebtedness and interest thereon, to two percentum of the equalized valuation.  The act authorizing the levy of a park tax did not provide that such tax should not be included in the aggregate amount of taxes to which the power of city councils was limited, therefore such park tax was included within such aggregate amount, in accordance with the principle announced in the case of *People* v. *Lake Erie and Western Railroad Co.* 167 Ill. 283, where it is said that the grant of an additional power to a city not before possessed by it, and the right to levy a tax to carry out the objects of such power, are not inconsistent with a restriction or limitation that the aggregate amount of taxes levied for any one year shall not exceed two per cent of the assessed valuation of the taxable property in the city. In that case the power to levy the particular tax was granted before the two per cent limitation was imposed by statute, but it is immaterial whether the general limitation may have been imposed before or after the granting of the power to levy the particular tax.  The limitation and the power are not inconsistent, and neither can be said to repeal or modify the other unless it does so expressly or by necessary implication. The court said that "the act of 1879, imposing the two per cent limitation, was a general limitation of the taxing power of municipalities organized under the act of 1872 for the incorporation of cities and villages, and, so far as the aggregate amount of taxes is concerned, is applicable to all acts granting power of taxation for any particular purpose not before given."

In 1909 section 2 of the act of May 2, 1901, concerning the levy and extension of taxes, was amended (Laws of 1909, p. 323,) so as to provide that the tax levies of cities for city purposes, exclusive of library, school and park purposes and exclusive of taxes levied for the payment of

bonded indebtedness and interest thereon, should not be reduced by the county clerk below certain rates. In *People v. Cairo, Vincennes and Chicago Railway Co.* 248 Ill. 554, the effect of this amendment was before the court. The language of the amendment was so involved and ambiguous as to require construction, and it was argued that both the library tax, as to which the statute expressly provided that it should not be included in the aggregate amount of taxes as limited by section 1 of article 8 of the Cities and Villages act, and the park tax, were still city taxes and liable to reduction under the terms of the amendment under consideration. The question in that case was as to the construction of that amendment and its application to the reduction of library and park taxes in certain cities the same as to other city taxes. Since the decision of that case both the act authorizing the levy of the park tax and that concerning the levy and extension of taxes have been amended. The amendment to the former is immaterial to the question, for it merely raised the rate authorized from two mills on the dollar to three. By the amendment of the latter act, section 2 is made to read, in part, as follows: "The tax levy for city or village purposes, (exclusive of library, school and park purposes, and exclusive of the taxes levied for the payment of the principal of and the interest on the bonded indebtedness) in cities and villages having a population of less than 150,000 shall not be reduced below a rate of $1.20 on each $100 assessed valuation." (Laws of 1913, p. 517.)

The statutes involved are the act which authorizes the three mill park tax, the section of the Cities and Villages act which limits the annual levy to one and two-tenths per centum of the valuation, and the provisions of the act for the reduction of certain taxes to three percentum of the valuation of the taxing district which prohibit the reduction of the city tax levy, exclusive of taxes levied for library, school and park purposes and the payment of bonded in-

debtedness and interest, below a rate of $1.20 on each $100 valuation. If the first two of these acts were alone to be considered, the park tax would manifestly be included in the rate of $1.20 to which the Cities and Villages act limits the levy. These acts must be considered, however, in connection with the act for the reduction of levies where they are excessive. In the absence of the last named statute, if a city should attempt to levy an amount in excess of its power the excess would be abated, and the reduction, except as to items required by law to be levied, either would fall upon the various items of the levy *pro rata* or could be distributed by the city council among such items. The city is authorized to levy taxes to the extent of $1.20 on each $100 valuation, including thirty cents on each $100 for park purposes. It appears from the facts certified that the city council actually levied $1.20 on each $100 valuation, to which no objection is made. A levy of amounts requiring an additional rate of thirty-two cents on the $100 was made for bonds and interest, library and tuberculosis sanitarium, all of which amounts are by express statute in addition to the aggregate amount within the $1.20 rate. To these items no objection is made. The amount levied for parks required an additional rate of thirty cents, to which appellant objected, having paid the rest of the city tax. There is an inconsistency in the statutes in this: that the city is authorized to levy only $1.20; that it is authorized to levy thirty cents park tax, which is a part of the $1.20, but that the park tax cannot be reduced, nor can the other taxes be reduced below $1.20. The taxes were all levied for lawful purposes. The park tax was no more in excess of the power of the city council than were the items for streets and alleys or for the payment of officers and employees, which, no doubt, constituted part of the appropriation and levy ordinances. The law provided that the park tax should not be reduced and that the other taxes should not be reduced below $1.20 on the $100. The result of the whole

legislation is that the park tax cannot be reduced, and since the other taxes cannot be reduced below the rate of $1.20 on the $100, the park tax is additional to that rate.

The judgment of the county court was in accordance with this view, and it is affirmed.     *Judgment affirmed.*