(No. 10944.)

THE PEOPLE *ex rel.* J. J. Davis, County Collector, Appellant, *vs.* THE WABASH RAILROAD COMPANY, Appellee.

*Opinion filed December 21, 1916.*

1. TAXES—*emergency amendment of June 29, 1915, of Park Tax law, applies to all cities of the designated population.* The amendment of June 29, 1915, of the Park Tax law, passed as an emergency measure, which requires a vote of the people to authorize a park tax in excess of the regular annual taxes levied as limited by section 1 of article 8 of the act for the incorporation of cities and villages, applies to all cities of between 1500 and 50,000 population and not only to those where an emergency exists.

2. SAME—*act of June 29, 1915, concerning park taxes, is not in conflict with act of June 10, 1915.* The act of June 29, 1915, concerning park taxes, is not in conflict with the act of June 10, 1915, limiting the reduction of the tax rate for city purposes, exclusive of park taxes, and under the former act there must be a vote of the people to authorize a tax for park purposes in excess of other

city taxes in all cities over 1500 and less than 50,000 population, while the latter act alone governs as to the limitation of park taxes in excess of city taxes in cities of over 50,000 and less than 150,000 population.

3. STATUTES—*statutes will be so construed as to stand together, if possible.* Where two statutes are seemingly repugnant, they should be so construed, if possible, that the later one may not operate as a repeal of the former by implication, and in all such cases if a construction can reasonably be given by which both acts will stand it will be adopted.

4. SAME—*when the latest statute in point of time will prevail.* Where it is impossible to give effect to both acts of the legislature the latest in point of time will prevail, and, as between two conflicting acts, one passed later but going into effect earlier will prevail over one passed earlier but going into effect later.

APPEAL from the County Court of Christian county; the Hon. C. A. PRATER, Judge, presiding.

EDWARD E. ADAMS, for appellant.

JOHN E. HOGAN, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Wabash Railroad Company, appellee, filed in the county court of Christian county in April, 1916, objections to the rendition of judgment against certain of its property for delinquent taxes levied for park purposes in the city of Taylorville, in said county. The objections were sustained and judgment refused as to said tax for park purposes, amounting to $89.43. This is an appeal from that decision.

The city of Taylorville passed its tax levy ordinance for the annual tax, including $5500 levied upon the taxable property of the city for park purposes. The sole question involved in this appeal is whether the amount of taxes for park purposes in cities under 50,000 population in this State should be controlled by the act with reference to tax for park purposes, approved and in force June 29, 1915, (Laws

of 1915, p. 291,) which provides, among other things, that cities of less than 50,000 population may levy a park tax, not to exceed three mills on the dollar, on the property in said city or village, and providing further, "that if the inhabitants of any city or village having a population of 1500 or more shall by vote so determine, said annual tax may be levied in addition to or in excess of taxes levied as limited by section 1 of article 8 of 'An act for the incorporation of cities and villages,' approved April 10, 1872, and the amendatory acts thereto," or whether they should be controlled by the provisions of the act of 1901, as amended in 1905, 1909, 1913 and 1915. (Laws of 1915, p. 572.) This latter act provides, among other things, that in reducing the rate per cent of the tax levied for county purposes "the rate per cent of the tax levy for city or village purposes (exclusive of library, school and park purposes, and exclusive of the taxes levied for the payment of the principal of and the interest on bonded indebtedness and judgment,) in cities and villages having a population of less than 150,000 shall not be reduced below a rate of $1.20 on each $100 assessed value," etc. It is conceded that the population of the city of Taylorville is 5442; that the tax levy for park purposes is in excess of $1.20 on the $100; that no vote authorizing the tax was taken in the city of Taylorville before the levy; that if the tax levy for park purposes in said city of Taylorville must be controlled by said Park Tax law approved June 29, 1915, then the objection of appellee was rightly sustained in the county court.

The act authorizing a two mill tax for park purposes in cities of less than 50,000 population was originally enacted May 13, 1907. (Laws of 1907, p. 432.) By amendment June 26, 1913, a three mill tax was substituted for the two mill tax. (Laws of 1913, p. 169.) The present act as amended, here under consideration, attempted for the first time to control and limit the tax rates. The original act concerning the levy and extension of taxes of June 10, 1915,

was first enacted May 9, 1901, (Laws of 1901, p. 272,) and made no specific mention of park taxes. This act was amended March 29, 1905, providing, among other things, that in reducing tax levies "the rate per cent of the tax levy  *  *  *  for city purposes, exclusive of library, school and park purposes, shall not be reduced below a rate of $1.80 on each $100 assessed value." As amended on June 14, 1909, (Laws of 1909, p. 323,) this law retained the provision for the tax, exclusive of library, school and park purposes, in cities having a population of less than 150,000 but permitted the reduction of the rate to $1.20 on the $100 valuation. While this law was in force this court decided in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 248 Ill. 554, that the park tax for the city of Pana, in Christian county, might be levied in addition to $1.20. This act as amended May 20, 1913, (Laws of 1913, p. 517,) made the same provision as to excluding the park tax before reducing the corporation taxes and authorizing the tax to be levied (in addition to park taxes) at a rate of $1.20 on the $100 on the assessed valuation. While this law was in effect this court decided in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 267 Ill. 160, that a three mill park tax under said Park Tax law as it then existed was authorized in cities having a less population than 50,000, there being then no requirement in either of these laws in reference to a vote of the people before levying the tax. Said amendment of June 10, 1915, of the act concerning the levy and extension of taxes did not in any way change the law with reference to the levying and extension of park taxes in cities of less than 150,000 population. Said park levy tax amendment of June 29, 1915, was passed as an emergency act and went into force at once. The tax levy extension amendment was approved on June 10, 1915, and went into force July 1, 1915. Said last named act does not require a vote to levy a park tax in excess of $1.20 on the $100 valuation in any city of less than 150,000 inhabitants.

It is the contention of counsel for appellant that as said act of June 29, 1915, was passed as an emergency act it should only apply to those municipalities with a population of less than 50,000 where such emergency existed, and if that is not the construction to be put upon it, this court ought to hold that it was invalid so far as it was inconsistent with said act of June 10, 1915. We know of no reason for holding that the law as amended by the act passed June 29, 1915, will only apply in municipalities where such emergency existed. We can conceive of no way as to how proof could be made in which municipalities such emergency did actually exist.

Neither do we see any justification, under the settled rules of construing statutes, for holding that the act of June 29 is invalid in so far as it conflicts with said act of June 10. It has always been a maxim in the construction of statutes that where two acts are seemingly repugnant they should be so construed, if possible, that the later may not operate as a repeal of the former by implication. (*Town of Ottawa* v. *County of LaSalle,* 12 Ill. 339.) In all such cases, if a construction can reasonably be given by which both acts will stand it will be adopted. (*Hunt* v. *Chicago Horse and Dummy Railway Co.* 121 Ill. 638; *Trausch* v. *County of Cook,* 147 id. 534; *Northern Trust Co.* v. *Palmer,* 171 id. 383; *Village of East Springfield* v. *City of Springfield,* 238 id. 534; *People* v. *Raymond,* 186 id. 407.) Where it is impossible to give effect to both acts the latest in point of time will prevail. (*Ayres* v. *City of Chicago,* 239 Ill. 237; *People* v. *Freeman,* 242 id. 152; *Huston* v. *Newgass,* 228 id. 575.) It has been held that between two acts in conflict, one passed later but going into effect earlier will prevail over one passed earlier but going into effect later; (1 Lewis' Sutherland on Stat. Const.—2d ed.—sec. 280; *Dewey* v. *City of DesMoines,* 101 Iowa, 416; *Douty* v. *Pittwood,* 23 Mont. 113; *McLaughlin* v. *Newark,* 57 N. J. L. 298;) and it has also been held that an act

going into effect immediately will prevail over an act passed before it but going into effect later. (*Belding Land and Improvement Co.* v. *City of Belding,* 128 Mich. 79; *Heilig* v. *City Council of Puyallup,* 7 Wash. 29.)   It is clear that the emergency act of June 29 was passed and approved later than the act of June 10, 1915, and therefore it is the last act of the legislature.   Under the well settled rules of construction the latest action of the legislature must be held controlling if the two acts cannot be harmonized.

The Tax Levy Extension act in no way refers to the amount of taxes that may be levied for park purposes. While the Park act since it was first enacted in 1907 has always fixed the amount of levy for park purposes in cities of less than 50,000, before the amendment of said act of June 29, 1915, there was no attempt by said Park act to fix the rate in any way with reference to the other taxes of the city or county.   By the act of June 29, 1915, it was in terms provided that this tax may be levied in excess of the regular annual tax for the municipality, as provided in the Revenue law, (Cities and Villages act, art. 8,) but that this levy in excess of that tax in cities and villages over 1500 and under 50,000 could only be made if authorized by a vote of the people.   If this provision of the Park act be given any force it certainly provides that in cities and villages between those two limits of population there must first be a vote of the people in its favor.   In order that the three mill tax for park purposes may be levied in excess of the city taxes, as provided in said act of June 29, 1915, in cities and villages of over 1500 and less than 50,000 population, there must therefore be a vote of the people authorizing such tax.   In cities of less than 150,000 and over 50,000 the act of June 10, 1915, alone governs as to the limitation of park taxes in excess of the other city taxes.

The judgment of the county court must therefore be affirmed.                                    *Judgment affirmed.*