(No. 26594.— )

THE PEOPLE *ex rel.* John Toman, County Collector, Appellee, *vs.* NEW YORK CENTRAL LINES, Appellant.

*Opinion filed September 21, 1942—Rehearing denied Nov. 11, 1942.*

ROBERT N. HOLT, and POMEROY SINNOCK, for appellant.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, and BRENDAN Q. O'BRIEN, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Upon the application of the county collector of Cook county for judgment for delinquent taxes, appellant, New York Central Lines, objected to the levy and the extension of a rate of $.1775 by the village of Posen in said county, in excess of the limit of 66⅔ cents on the hundred dollars for general corporate purposes. The objection was overruled because the court held the county clerk was authorized

and required to so extend said additional rate under the provisions of an act authorizing cities and villages having a population of less than 50,000 to levy a tax not to exceed two mills on the dollar for the purpose of collecting and disposing of garbage. (Ill. Rev. Stat. 1939, chap. 24, par. 645.) The revenue is involved, authorizing a direct appeal.

The tax-levy ordinance set out the several amounts appropriated and levied, and among other items was the following: "Health Department: (a) For amount to secure proper equipment for the purpose of collection, removal and disposition of garbage, $600." It is contended by appellant (1) the village did not ask by its levy or other ordinance that the tax be extended beyond 66⅔ cents on the hundred dollars for general corporate purposes, the limit that may be extended under section 1 of article 8 of the Cities and Villages Act, (Ill. Rev. Stat. 1939, chap. 24, par. 123); (2) the county clerk as a ministerial officer had no power to extend this additional rate under the act relating to garbage; and (3) the statute does not make provision that any and all taxes for the disposition of garbage may be extended beyond the general corporate rate of 66⅔ cents.

There can be no doubt the city may use its corporate fund for the purpose of collecting and disposing of garbage, (Ill. Rev. Stat. 1939, chap. 24, par. 65.11; par. 65.14; par. 65.77,) and we have so held in *Consumers Co.* v. *City of Chicago,* 313 Ill. 408. In that case we said, concerning the garbage statute: "The act * * * as its title indicates, authorizes cities and villages within its provisions to levy a tax for the purpose of collecting and disposing of garbage. The authority to levy the additional tax is the object and purpose of the act." In *People ex rel. Chicago Title and Trust Co.* v. *Village of Glencoe,* 372 Ill. 280, in passing upon the right of the city to use for corporate purposes excess money raised by the garbage tax, we said: "It would, therefore, appear that the levy of this additional

tax was for the purpose of providing more revenue for a carrying out of one of the general corporate powers of the city, and the statute authorizing the tax does not provide for any special application of unexpended funds raised by such special tax."

It is claimed the enacting clause of the garbage act is not as broad as the title, and therefore the appropriation was unauthorized. The body of the statute in question follows the title, *viz.,*—the city is authorized to establish and maintain a garbage system, or establish and maintain a garbage plant, either of which will accomplish the object specified in the title, *viz.,*—"the collection and disposal of garbage," and may levy a tax, which shall be in addition to the amount authorized to be levied for general corporate purposes. The city may thus establish a system or a plant which is a means by which at least one purpose expressed in the title of the act, *viz.,*—"disposal of garbage" is accomplished. Buying equipment for collection or disposal of garbage is a necessary element of such purpose, and is an integral part of the system, whether there be a plant for garbage disposal or not.

It is claimed the county clerk being a ministerial officer cannot extend the additional tax unless some direction for him to do so is found in the ordinance. No case involving this particular point arising under the Garbage Act is called to our attention, but the question has arisen under other statutes, where a tax in excess of the corporate rate is authorized for a municipal purpose. Under the law authorizing an additional rate to be raised for park purposes it has been held where the power to levy the park tax appears taxes may be extended by the county clerk for such purposes, in addition to the general corporate rate under a general city tax-levy ordinance which appropriates moneys for general city as well as for park purposes. *People ex rel. Wysong* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 267 Ill. 160; *People ex rel. Means* v. *Hines,* 293 id. 419.

It has also been applied to police and firemen's pension tax law, (*People ex rel. McDonough* v. *New York Central Railroad Co.* 356 Ill. 67,) and to library taxes. (*Chicago and Alton Railroad Co.* v. *Baldridge,* 177 Ill. 229; *Baltimore and Ohio Southwestern Railroad Co.* v. *People ex rel. Parker,* 200 id. 623.) In the last-mentioned case a statute authorized the levy of an annual library tax, and provided that it should not be included in the aggregate amount of taxes as limited by section 1 of article 8, *supra.* In the city's annual tax ordinance there was a levy of $10,000, and the corporate purposes were specified, such as "salary fund," "street lighting," "street and alley," "library," "fire department," etc. Upon objection that the whole levy exceeded the limitation in section 1, article 8, *supra,* the objection was overruled and the levy sustained because it sufficiently appeared the tax for library purposes was in addition to this limitation, thus reducing the general corporate levy to an amount within the limitation.

We entertain no doubt that the appropriation in the ordinance for equipment for the purpose of collection, removal and disposition of garbage comes within the provisions of paragraph 645, *supra,* and that it was unnecessary for the city to do any more than set out such purpose in its appropriation and levy ordinance, without specificly pointing out the tax from which it should be paid. In the cases of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* and *People* v. *Hines, supra,* the city could have used its corporate fund for the purposes for which a special tax in addition to the corporate fund was provided. (Ill. Rev. Stat. 1939, chap. 24, par. 65.6.) In these cases it was held the county clerk could extend the special tax for parks without any showing other than that such purpose properly appeared in the tax-levy ordinance. The principle of these cases is controlling here, and the county court properly overruled appellant's objection.

*Judgment affirmed.*