(No. 33665.—

THE PEOPLE *ex rel.* Oliver F. Starwalt, County Collector, Appellant, *vs.* NEW YORK CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed November 23, 1955*

HUGH HARWOOD, State's Attorney, of Charleston, and R. G. REAL, City Attorney, of Mattoon, (ORVILLE F. SCHOCH, of Mattoon, of counsel,) for appellant.

MARVIN A. JERSILD, and DALE MCALLISTER, both of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The question in this case is whether a municipality which levies taxes for fire and police protection under the provisions of sections 39-1 and 53.1-1 of the Revised Cities and Villages Act can also levy taxes for those purposes under its general corporate levy. The county court of Coles County answered this question in the negative upon the objection of the New York Central Railroad Company to

the application of the county collector for judgment of sale for nonpayment of taxes levied by the city of Mattoon for the year 1953. The collector has appealed.

On April 12, 1938, the city of Mattoon was authorized by referendum to levy a special tax for fire protection purposes under section 39-1 of the Revised Cities and Villages Act. (Ill. Rev. Stat. 1953, chap. 24, par. 39-1.) That section provides: "The corporate authorities of any city or village containing less than 500,000 inhabitants may levy, annually, a tax of not to exceed two mills * * * to provide revenue for the purpose of fire protection, in the municipality." On July 10, 1945, the city was authorized by referendum to levy a special tax for police protection under section 53.1-1 of the Revised Cities and Villages Act. That section provides: "The corporate authorities of any city or village containing less than 500,000 inhabitants may levy, annually, a tax of not to exceed .15 per cent * * * to provide revenue for the purpose of police protection in that municipality." (Ill. Rev. Stat. 1953, chap. 24, par. 53.1-1.) Both sections 39-1 and 53.1-1 state: "This tax shall be in addition to and in excess of all taxes authorized by law to be levied and collected in that municipality and shall be in addition to and in excess of the amount authorized to be levied for general purposes as provided by section 16-1." Section 16-1 authorizes the levy and collection of taxes for general corporate purposes, and fixes the maximum rate which may be levied for those purposes. Ill. Rev. Stat. 1953, chap. 24, par. 16-1.

Under its general corporate levy for 1953, the city provided $46,095 for the Fire Department Fund to cover salaries of the chief of the fire department, four captains, one fire truck driver, gasoline and oil for fire trucks, chemicals for fire fighting equipment, the purchase and maintenance of other equipment, insurance and contingencies. The 1953 general corporate levy also included $32,680 for the Police Department Fund. This amount covered the

salaries of the chief, one captain, three desk sergeants, two lieutenants, two policemen, gasoline and oil for police cars and motorcycles, the purchase of a police automobile, ammunition, arms, supplies, the maintenance of police cars and police radio system, food for prisoners, telephone service, insurance and contingencies. In addition, the city levied, under section 39-1, $47,600, which covered salaries of eight additional firemen and five additional fire truck drivers. And under section 53.1-1, the city levied $36,000, which covered the salaries of ten additional policemen.

It thus appears that taxes in the amount of $47,600 for the Fire Protection Fund and $36,000 for the Police Protection Fund were extended in addition to the taxes in the amounts of $46,095 levied under the general corporate levy for fire department purposes and $32,680 for police department purposes.

The taxpayer's objection is directed to the corporate levies of $46,095 for the fire department and $32,680 for the police department. It is based upon the fact that the city had levied special taxes and extended separate rates for both fire and police protection purposes, "and when taxes for a given purpose are levied by one mode they cannot be levied by another." The objector does not question the validity of the levies if funds for fire and police protection can be raised by taxes levied under the special statutes and also under the general corporate levy. The narrow ground of the objection is that while a city may levy for fire and police protection purposes either under the corporate fund or, when authorized by referenda, under the special statutes authorizing additional fire and police protection levies, it may not raise funds for those purposes under both the general corporate levy and under the special fund levies.

The contention that by authorizing the levy of additional taxes the General Assembly intended to establish alternative and mutually exclusive sources of revenue seems

to us to run counter to the legislative language and purpose. It also runs counter to the implications, if not the holdings, of our decisions.

Section 16-1 of the Revised Cities and Villages Act, which authorizes the general corporate fund levy, fixes a maximum rate which it states is "exclusive of taxes authorized by this or other Acts which by their terms provide that those taxes shall be in addition to taxes for general purposes authorized under this section." (Ill. Rev. Stat. 1953, chap. 24, par. 16-1.) Both section 39-1 and 53.1-1 provide that the special tax levies which they authorize shall "be in addition to and in excess of all taxes authorized by law to be levied and collected in that municipality and shall be in addition to and in excess of the amount authorized to be levied for general purposes as provided by section 16-1."

Unless a municipality has adopted by referendum the special statutes which augment its taxing power, it must raise the necessary funds for its fire and police departments under its general corporate levy. Nothing in the language of the special statutes suggests that if they are adopted they become the exclusive source of revenue for these purposes, so that a municipality may not use the power they grant to augment funds raised by its general corporate levy. On the contrary, the language of the statutes seems to contemplate an additional or supplemental tax rather than an alternative one. Similar statutes have been so regarded. So in *People ex rel. Toman* v. *New York Central Lines,* 380 Ill. 581, it was said, p. 583: "Under the law authorizing an additional rate to be raised for park purposes it has been held where the power to levy the park tax appears taxes may be extended by the county clerk for such purposes, in addition to the general corporate rate under a general city tax-levy ordinance which appropriates moneys for general city as well as for park purposes."

The decision in *People ex rel. Moshier* v. *City of Spring-*

*field,* 370 Ill. 541, applied the same construction to section 39-1. There the city had been authorized to levy the additional fire protection tax at the maximum rate of two mills. It actually levied at the rate of approximately one mill under that statute, to provide for new equipment and the maintenance of equipment and buildings. The salaries of members of the fire department were provided for under the general corporate levy. After these taxes were levied, a statute was passed providing a minimum salary for firemen, and a *mandamus* action was commenced to compel the city to pay the statutory minimum salaries. The judgment, which was affirmed in this court, awarded the writ and directed the city to levy a sufficient amount under the fire protection tax, in addition to the one mill previously levied thereunder, to pay salaries at the statutory minimum rate. The net of this decision is that the court accepted without comment a fiscal arrangement which, like that now before us, raised part of the money for the fire department by the general corporate levy and part by levy under the special statute. Moreover, the court affirmed a judgment which compelled the municipality to resort to both sources of revenue.

To support its contention that the statutes authorizing the additional taxes do not indicate an intention that they are to be in addition to a general corporate levy for the same purposes, the objector directs attention to the statutory form of ballot (Ill. Rev. Stat. 1953, chap. 24, par. 39-2) : "Shall the article permitting cities and villages containing less than 500,000 inhabitants to levy a tax for fire protection purposes be adopted and a tax of . . . . . . mills on the dollar to be levied for such purposes?" A substantially identical ballot is provided with respect to the additional police protection tax. (Ill. Rev. Stat. 1953, chap. 24, par. 53.1-2.) The objector argues that there is nothing in the language of the ballot suggesting to the voters that the rate they are specially authorizing is supplemental to an addi-

tional undisclosed amount for fire protection in the general fund. But we think that the voters could hardly have been misled by the form of the ballot. Before the special acts for fire and police protection were adopted the source of funds for those purposes was the general corporate levy. The voters must have been aware that unless that source of funds was insufficient it would not have been necessary to authorize the imposition of the special tax. The form of the ballot does not suggest that the existing authority to include amounts for fire and police protection in the general corporate levy was to be curtailed.

The objector also cites *People ex rel. Schlaeger v. Reilly Tar & Chemical Corp.* 389 Ill. 434; *People ex rel. Schlaeger v. Richè,* 396 Ill. 85, and *Krimmel v. Eielson,* 406 Ill. 202. Of these cases, the first two involved the intermingling of educational and building fund school levies; the third was concerned with the limit of taxes which the city of Springfield could levy under the Fire Protection Act. The question presented here was in no way involved in any of these cases.

The judgment of the county court is reversed and the cause remanded, with directions to overrule the objections to the taxes levied by the city of Mattoon.

*Reversed and remanded, with directions.*